UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON M. RANDLE,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. CV 12-5344 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I. SUMMARY

On July 12, 2012, plaintiff Sharon M. Randle ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 7, 2013 Order ¶ 4.

---

[1] Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 23, 2009, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 102). Plaintiff asserted that she became disabled on October 7, 2007, due to back problems, "disc located left lower back," chronic high blood pressure, chronic arthritis and chronic asthma. (AR 132). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on February 1, 2011. (AR 27-47).

On March 10, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 17-23). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: arthritis in low back and hypertension (AR 19); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 19); (3) plaintiff retained the residual functional capacity to perform sedentary work (20 C.F.R. § 416.967(a)) with occasional climbing, balancing, stooping, kneeling, crouching and crawling (AR 20); (4) plaintiff had no past relevant work (AR 21); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically final assembler, order clerk, telephone quotation clerk, and inspector (AR 22); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 21).

The Appeals Council denied plaintiff's application for review. (AR 1).

///
///

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

1 experience, allow the claimant to adjust to other work that exists in
2 significant numbers in the national economy?  If so, the claimant is not
3 disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of plaintiff's treating physician. (Plaintiff's Motion at 2-8). The Court agrees.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[2] See id. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not

---

[2]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

1  contradicted by another doctor, it may be rejected only for clear and convincing
2  reasons.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal
3  quotations omitted).  The ALJ can reject the opinion of a treating physician in
4  favor of another conflicting medical opinion, if the ALJ makes findings setting
5  forth specific, legitimate reasons for doing so that are based on substantial
6  evidence in the record.  Id.  (citation and internal quotations omitted); Thomas v.
7  Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out
8  detailed and thorough summary of facts and conflicting clinical evidence, stating
9  his interpretation thereof, and making findings) (citations and quotations omitted);
10 Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to
11 reject a treating physician opinion – court may draw specific and legitimate
12 inferences from ALJ's opinion).  "The ALJ must do more than offer his
13 conclusions."  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).  "He must
14 set forth his own interpretations and explain why they, rather than the
15 [physician's], are correct."  Id.

      **B.**    **Analysis**

17 On October 1, 2010, Dr. Afshin Akhavan, plaintiff's treating physician,
18 completed a Physical Capacities questionnaire in support of plaintiff's Welfare-to-
19 Work Participation Exemption Request in which, as the ALJ noted, Dr. Akhavan
20 essentially opined that plaintiff was totally disabled.  (AR 20, 304-08).  On
21 November 22, 2010, Dr. Akhavan completed a Medical Opinion Re: Ability To
22 Do Work-Related Activities (Physical) form in which he, again, opined that
23 plaintiff was essentially totally disabled.  (AR 19, 246-48).

24 The ALJ rejected Dr. Akhavan's opinions regarding plaintiff's functional
25 abilities in favor of the conflicting opinions of a state-agency examining
26 physician, explaining only "I give no weight to the overly generous assessments of
27 [plaintiff's] treating doctor, Dr. Akhavan, because his assessments are not
28 consistent with the objective findings or the evidence of record."  (AR 20).  Such a

conclusory statement, however, is insufficient to constitute a specific, legitimate reason for rejecting the opinions of plaintiff's treating physician.  See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinion insufficient).  Accordingly, a remand is appropriate for the ALJ to reassess the opinions of Dr. Akhaven and, if the ALJ continues to believe it appropriate to reject such opinions, to articulate nonclusory specific and legitimate reasons for doing so which are supported by substantial evidence in the record.

## V.     CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 5, 2013

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).